### UNITED STATES of America
### v.
**Frank STRINGI, Ernest Nightingale, Joseph Horovitz, Sharlann S. Simon, also known as Charlann Marie Simon and Elvin E. Cochran.**

**Frank Stringi, Appellant in No. 15974, Ernest Nightingale, Appellant in No. 15975.**

**Nos. 15974, 15975.**

United States Court of Appeals Third Circuit.

Argued June 19, 1967.

Decided June 30, 1967.

Charles N. Caputo, Pittsburgh, Pa., for appellant Stringi.

Vincent M. Casey, Pittsburgh, Pa., Margiotti & Casey, Pittsburgh, Pa., Robert M. Keim, Livengood, Braucher & Keim, Somerset, Pa., (on the brief), for appellant Nightingale.

Nick S. Fisfis, Asst. U. S. Atty., Pittsburgh, Pa. (Gustave Diamond, U. S. Atty., Pittsburgh, Pa., on the brief), for appellee.

Before KALODNER and HASTIE, Circuit Judges and VAN DUSEN, District Judge.

## OPINION OF THE COURT

PER CURIAM:

The appellants have been tried and convicted on several substantive and conspiracy counts growing out of events which occurred during the winter and spring of 1963 in a small county of Pennsylvania. Each count involved some aspect or aspects of a series of transactions in which purported endorsements of owners of United States Series E Savings Bonds were forged and, thereafter, the bonds were negotiated.

Over the appellants' objections all counts were tried together. In our view the offenses and the transactions charged were so related that the court's insistence that they be tried together did not constitute an abuse of discretion.

The appellants also complain that the court permitted the cross-examination of character witnesses as to whether they had heard that the defendant Nightingale, as to whose reputation for honesty they had testified, had asserted in an earlier civil case that certain writings were on a check at the time it was drawn when in fact, as subsequently proved, he himself had added the writing after the check had been cashed. The court below was satisfied by a government tender of proof, made in the absence of the jury, that the government could prove the occurrence of the derogatory transaction thus inquired about to impeach the testimony of good reputation. Moreover, two of the character witnesses admitted that they had or may have heard the derogatory information about the defendant. In these circumstances, we find no error in the inquiry made about any awareness to this matter in the cross-examination of the defense character witnesses.

The conviction and sentence of each defendant were proper and will be affirmed.